```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

SUSAN M. SILVA and              :
RICHARD M. SILVA                :
                                :
                                :
v.                              :    CIV. NO. 3:04CV1614 (WWE)
                                :
WYETH, INC., ET AL              :
                                :
                                :
                                :
```

RULING ON PLAINTIFFS' MOTION TO COMPEL **[doc. #143]**

At a deposition conducted on March 8, 2012, plaintiffs contend that defendants' counsel advised Wyeth's former sales representative, Jodi Clary, not to answer questions regarding discussions between Wyeth's counsel and Ms. Clary at a deposition preparation meeting. [Clary Tr. 29]. Ms. Clary's attorney was present at the meeting with Wyeth's counsel. Plaintiffs move to compel [doc. #143] a continued deposition of Ms. Clary to answer the questions she was directed not to answer. It is undisputed that Ms. Clary is not represented by Wyeth's counsel. Plaintiffs contend that, "[t]he conversation with Ms. Clary, her counsel and Wyeth's counsel is not privileged communication because Ms. Clary is no longer an employee of Wyeth and therefore is not acting as Wyeth's agent."[1]

---

[1] Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions. Pursuant to that rule, "A person may instruct a deponent not to

1

[Doc. #143-1 at 3].

> D. Conn. L. Civ. R. 37(a)
>
> Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.

Barletta v. Quiros, No. 3:10-cv-939 (AVC)(TPS), 2011 WL 6260436, *1 (D. Conn. Dec. 15, 2011) (denying motion to compel for failure to comply with Local Rule 37); Hanton, 2006 WL 581204, *1 ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."). Plaintiff's motion contains no affidavit of counsel certifying that "he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court . . . ." D. Conn. L. Civ. R. 37(a); Fed. R. Civ. P. 37(a) ("The motion must include a certification that the movant has in good faith conferred or attempted to

---

answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2).

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Accordingly, because plaintiffs have not complied with the requirements of Local Rule 37, the Motion to Compel **[doc. #143]** is **DENIED**.  The parties will discuss this issue at a meet and confer, to be held within seven days, in an effort to resolve or narrow this disagreement, or the issue will be deemed waived. D. Conn. L. Civ. R. 37(a). If the issue cannot be resolved, the parties will contact the Court to schedule a conference before filing another motion.

SCHEDULING ORDER

The parties' joint case management plan was filed on May 2 and ordered by Judge Eginton on May 15, 2012. [Doc. #133, 137]. All discovery, including depositions of expert witnesses, closed on June 29, 2012. [Doc. #133 at 2].  The parties exchanged a damages analysis on July 15, 2012.  Id. at 3.  Dispositive and Daubert motions are due by October 31, 2012.  Id. There is no pending motion for an extension of these deadlines. Any request for an extension of the existing deadlines will only be granted on a showing of good cause. The parties will request a conference with the Court before filing a motion requesting additional time.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly

3

erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 30th day of July 2012.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE